GAUDIN, Judge.
Appellant in this domestic case is Mrs. Brian J. Scarengos, who was found mutually at fault along with her husband. Mrs. Scarengos argues that this finding was manifestly erroneous because her actions and behavior during the marriage, alleged to be cruel treatment by Mr. Scarengos, were the result of personality changes brought on by an overactive thyroid condition.
The trial judge, from the bench following the fault hearing, said:
“It is the court’s ruling that there is mutual fault on both of these people. There’s been ample testimony to indicate that there has been cruel treatment on the part of Mr. Scarengos ...
“There’s also ample evidence that Mrs. Scarengos started many of the arguments and was in a situation where she apparently was out of control. Whether it’s medical or not, I’ve not heard any testimony to that effect.”
Likely, the trial judge was referring to the lack of any expert medical testimony pertaining to Mrs. Scarengos’ thyroid problems. No physicians were called. This being so, we cannot say that there was clear error. We affirm the district court judgment decreeing mutual fault.
Both parties testified at the trial, as did (1) a friend of the family, (2) Mrs. Scaren-gos’ mother and (3) three of the Scarengos children, Cynthia, Brian Jr. and Robert. This testimony is supportive of a mutual fault finding, absent the medical issue. Apparently Mr. and Mrs. Scarengos argued frequently and were hostile toward each other. Blame for these arguments, according to ample testimony, was divided.
Actions and behavior which should normally be construed as fault contributing to the separation are excused when involuntarily induced by a preexisting mental illness. However, the mental illness must be shown to have caused the objectionable actions or behavior. See Eppling v. Eppling, 537 So.2d 814 (La.App. 5 Cir.1989), writs denied at 538 So.2d 619 (La.1989); and Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2 Cir.1984), writs denied at 458 So.2d 484 (La.1984).
In these cases and in practically every other reported opinion dealing with domestic fault possibly excused by mental illness, there was expert medical testimony. While there is no absolute requirement for such evidence, a litigant trying to show a connection between an illness and unacceptable conduct would substantially help his or her cause by calling either a psychiatrist or a doctor familiar with that person’s physical ailment.
*11 Here, Mrs. Scarengos argues that expert medical testimony was unnecessary because Mrs. Scarengos knew of her thyroid condition. This did not, as far as the trial judge was concerned, establish causation, i.e., a definite connection between Mrs. Scarengos’ overactive thyroid and her actions and behavior. There is nothing in the record suggesting that Mrs. Scarengos ever received psychiatric treatment.
In domestic cases, trial judges are vested with broad discretion in fact-finding and in making credibility determinations. The testimony in this case shows that Mrs. Scarengos did have a medical problem and that she was under stress but there is no distinct evidence of a link between the thyroid condition and' various acts of Mrs. Scarengos found by the trial judge to constitute legal fault. We see no reason to itemize these acts; it suffices to say that the trial judge made a credibility call and that the evidence supports her findings.
We affirm, with appellant to bear costs of this appeal.
AFFIRMED.